UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SKYLAR RAY WATSON                                                                                PLAINTIFF

VERSUS                                                               CIVIL ACTION NO. 1:18CV381-RPM

ANDREW BRENNAN et al                                                                         DEFENDANTS

### MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendants' motion for summary judgment. Doc. [50]. Plaintiff Skylar Ray Watson, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging that Defendants, who are law enforcement officers, illegally seized a vehicle. Defendants are Officers James Griffin, Aaron Fore, Nicholas Olds, Windell Johnson, Joey Wuest, and Andrew Brennan.[1] The Court conducted a screening hearing on January 29, 2020. Defendants filed the instant motion for summary judgment on June 22, 2020. Plaintiff has not filed a response in opposition. As part of their argument in the motion for summary judgment, Defendants asserted that Plaintiff admitted to Defendants' requests for admissions because he did not serve responses to the requests.

On November 19, 2020, the Court entered a show cause order directing Plaintiff to file a written response to show cause why the requests for admissions served on him should not be deemed admitted, with a response deadline of December 3, 2020. Doc. [54]. The Court mailed the order to show cause to Plaintiff's address of record. On December 3, 2020, the order to show cause was returned to the Court as "undeliverable". Doc. [55].

---

[1] Defendant Brennan has not filed an answer or responsive pleading. Service was returned unexecuted as to Defendant Brennan on July 15, 2019. Doc. [20]. On February 6, 2020, counsel for Defendants filed under seal the last known address for Defendant Brennan. Doc. [40]. A request for waiver of service was sent to Defendant Brennan on April 1, 2020, but has not been returned executed. Doc. [43].

In his complaint Plaintiff alleges that he was the subject of a felony arrest warrant on August 8, 2016. Incident to the Defendants executing the arrest warrant, one of the "agents" impounded a 2003 Yukon XL vehicle without a "search and seizure warrant". Plaintiff admits in the complaint that his name was not on the title of the vehicle at the time of the seizure. In a later pleading, Plaintiff alleged law enforcement officers were given keys to the subject vehicle by another individual (Plaintiff's "kids' mother"). At the screening hearing, Plaintiff clarified that Bernetta Anderson was present when the officers arrived looking for Plaintiff, and she gave the keys to the officers, because Plaintiff was out of state working and was not present when the vehicle was seized. At the screening hearing, he further admitted he did not have title to the vehicle at the time of the seizure. Rather, he had made a down payment on the vehicle but still owed $600. He stated that he purchased the vehicle for Ms. Anderson's use. According to Plaintiff, he and Ms. Anderson are not married. At the screening hearing, Plaintiff stated the vehicle was returned to Ms. Anderson in October 2018. Accordingly, Plaintiff alleges an illegal seizure of the vehicle, which deprived Ms. Anderson of the use of the vehicle for approximately two years.

In March 2018, Plaintiff was convicted pursuant to a guilty plea in the Harrison County Circuit Court of sale/transfer of a controlled substance. In the guilty plea, Plaintiff admitted to transferring 2.05 grams of cocaine to an undercover officer. Doc. [50-2] [50-3] [50-4]. It appears Plaintiff drove the subject vehicle to the location where he conducted the drug transaction.

Defendants Griffin, Fore, Olds, Johnson, and Wuest have filed a motion for summary judgment asserting a defense of qualified immunity and arguing that Plaintiff lacks standing to

bring a Fourth Amendment claim for unlawful seizure of the Yukon XL.  Doc. [50].  Plaintiff has not responded to the motion for summary judgment.

## Law and Analysis

### Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985).  Once a properly supported motion

for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Qualified Immunity**

Qualified immunity analysis is a two-step inquiry. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). First, the Court must determine whether the Plaintiff has alleged a violation of a constitutional right. *Id.* Second, if the plaintiff has alleged a constitutional violation, the Court must decide whether the conduct was objectively reasonable in light of clearly established law. *Id.* The relevant inquiry is whether, when viewed in the light most favorable to the plaintiff, it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008). Because qualified immunity has been deemed a question of law, the Supreme Court has directed lower courts to adjudicate qualified immunity claims on summary judgment. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Defendants contend that Plaintiff lacks standing to assert a Fourth Amendment claim for seizure of the Yukon XL. In his complaint and at the screening hearing, Plaintiff admitted that the vehicle's title is not in his name. He made a substantial down payment on the vehicle, but still owed a balance of $600 at the time the vehicle was seized. He stated that he bought the vehicle for Ms. Anderson to use; however, he claims an ownership interest in the vehicle by virtue of having purchased it.

A claimant alleging a Fourth Amendment violation "must have a cognizable Fourth Amendment interest". *Byrd v. United States*, 138 S.Ct. 1518, 1530 (2018). "Fourth Amendment

4

rights are personal rights which ... may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). The summary judgment evidence demonstrates that Plaintiff did not legally own the vehicle in question. Title was never in his name. Whether Plaintiff had a cognizable ownership interest in the vehicle, such that he has standing to challenge the seizure, is a broader question than mere title ownership.

Regardless, Plaintiff's complaint should be dismissed on two alternate grounds. First, by virtue of failing to respond to Defendants' requests for admission, Plaintiff has conceded, among other things: (1) the subject vehicle "was not wrongfully or improperly taken" from him; (2) none of the named Defendants had anything to do with taking the vehicle; (3) Plaintiff had "no ownership or possessory interest in and to" the subject vehicle at any time relevant to the matters addressed in this lawsuit; (4) Plaintiff has sued Defendants in their official capacities only; (5) Plaintiff used the subject vehicle in the commission of a felony crime for which he was arrested and subsequently convicted; (6) the subject vehicle was seized to be used as evidence in the criminal proceedings against Plaintiff; (7) none of the named Defendants violated Plaintiff's federal or constitutional rights; (8) Plaintiff did not sustain any damages arising from the allegations in his complaint; and (9) Plaintiff drove to the scene of the illegal drug transaction in the subject vehicle. Doc. [50-6]. The Court afforded Plaintiff notice and opportunity to be heard on these requests for admission prior to ruling on Defendants' motion for summary judgment. Doc. [54]. He failed to respond to the order to show cause; therefore, the requests for admission are deemed admitted. Doc. [55]. Based on these admissions, Plaintiff has no cause of action against any of the Defendants for the seizure of the subject vehicle. His constitutional rights were not violated. The seizure of the vehicle was reasonable, because the vehicle was used in the commission of a crime and therefore evidence, which would afford Defendants protection by

qualified immunity.  Accordingly, Defendants motion for summary judgment should be granted and Plaintiff's complaint dismissed with prejudice as to all claims and all Defendants.

In the alternative, Plaintiff has failed to maintain a current address of record with the Court, despite numerous warnings that "failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed sua sponte, without prejudice, without further written notice."  Doc. [3] [5] [6] [12] [18].  The Court's show cause order, entered on November 19, 2020, was returned "undeliverable".  Thus, in the alternative, Plaintiff's complaint is dismissed without prejudice for failure to prosecute.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [50] Motion for Summary Judgment is GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint is hereby dismissed with prejudice as to all claims and all Defendants.

SO ORDERED AND ADJUDGED, this the 29th day of December 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE